NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5110

INVERSA, S.A.,

and

ASSEMBLY  OF CO-OWNERS OF TORRE MIRAMAR CONDOMINIUM,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

Jason A. Levine, McDermott Will & Emery LLP, of Washington, DC, argued for plaintiffs-appellants.  Of counsel was Matthew M. Leland.

Roger A. Hipp, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee.  On the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, Deborah A. Bynum, Assistant Director, and Brian S. Smith, Attorney.

Appealed from:  United States Court of Federal Claims

Judge Lawrence M. Baskir

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5110

INVERSA, S.A.

and

ASSEMBLY OF CO-OWNERS OF TORRE MIRAMAR CONDOMINIUM,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  December 20, 2007

_____

Before SCHALL, <u>Circuit Judge</u>, PLAGER, <u>Senior Circuit Judge</u>, and MORAN, <u>District Judge</u>.[*]

MORAN, <u>District Judge</u>.

DECISION

Inversa, S.A. and the Assembly of Co-owners of the Torre Miramar Condominium appeal the final decision of the United States Court of Federal Claims granting partial summary judgment in favor of the United States and dismissing Count II

---

[*] Honorable James B. Moran, Senior District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

of appellants' complaint. <u>Inversa, S.A. v. United States</u>, No. 01-CV-220 (Fed. Cl. Sept. 13, 2005).  We <u>affirm</u>.

DISCUSSION

I.

Appellants and the United States Department of State, Office of Foreign Buildings Operations (FBO) had contracted for the lease of several floors of the Torre Miramar Condominium for use as an embassy.  A dispute arose regarding the amount of rent to be paid and appellants sued.  The parties entered into a Settlement Agreement that required the execution of a new lease and included the following provision:

> 6. <u>Occupancy and Enhancement Project</u>.  As of April 9, 1990, FBO was occupying 366.42 square meters of the ground floor and all rentable areas of floors one through four and six.  As of the date of the execution of the Memorandum of Negotiations, FBO took possession of the remaining areas as provided in the permanent lease and began installation of security and safety enhancements to the building.  FBO has budgeted and shall expend during the initial term of the permanent lease of the security and safety enhancements an amount in excess of $2,000,000.

Interpretation of the Settlement Agreement was to be in accordance with Panamanian law.

During the tenure of its lease, the United States made numerous security and safety modifications to the building, expending more than $3.3 million dollars in the process.  The United States vacated the building in 2004, leaving all of the modifications in place.  Appellants filed suit claiming, among other things, that the United States was in breach of ¶ 6 of the Settlement Agreement because it did not expend in excess of $2 million for security and safety enhancements.  Appellants asserted that even though the United States spent more than $3.3 million in security and safety modifications, these

modifications did not constitute "enhancements" under the terms of the Settlement Agreement because they did not increase the value of the building for the benefit of the owners. The Court of Federal Claims disagreed, holding that nothing in the Settlement Agreement required that, in order to qualify as "security and safety enhancements," modifications must increase the value of the building.

## II.

Under Panamanian law, where contract terms are clear, they shall be literally construed. Both parties agree that the term "security and safety enhancements" is not ambiguous. Appellants proffer a number of experts in Panamanian law and several dictionaries which purport to define "enhancement" as something that "adds value." Appellants then conclude that in order to constitute "enhancements" the modifications had to add monetary value to the building. We disagree. We agree that "enhancement" is generally defined as something that "adds value"; however, we do not follow appellants' leap that "value" necessarily implies monetary worth. Here, the word "enhancement" is modified by the words "security and safety." Our literal interpretation leads us to conclude that the "value" added by the "enhancements" is to the "security and safety" of the building, not to its monetary worth. While the enhancements may indeed affect the building's worth, such is not the purpose of ¶ 6 of the Settlement Agreement.

Appellants argue that the term must be read in the context of the purpose behind the Settlement Agreement, which was to settle a dispute over consideration for the lease. Appellants imply that a definition that permits all modifications to qualify as enhancements, regardless of their effect on the value of the building, would run afoul of

the parties' intent at the time of contracting, because the $2 million requirement was partial consideration for the lease.

Nothing in the terms of the Settlement Agreement supports appellants' argument. While ¶ 6 could be construed as additional consideration for a lowered rent payment, it could just as easily be construed (as the United States argued) as some assurance that the United States would not withdraw from the long-term lease prematurely, even though the lease permitted it to do so with six months notice.

The term "security and safety enhancements" is clear on its face and we hold that it includes all modifications to the building that enhance its security and safety. Since the parties do not dispute that the United States expended in excess of $3.3 million for such modifications, it was not in breach of the Settlement Agreement as a matter of law. The decision of the Court of Federal Claims is affirmed.